Debra Bookout, Assistant Federal Public Defender, Jonathan Michael Kirshbaum, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Christopher P. Jernigan, pro se.

Adam L. Woodrum, AGNV–Office of the Nevada Attorney General, Las Vegas, NV, Respondents–Appellees.

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief District Judge.*

MEMORANDUM **

Petitioner–Appellant Christopher Jernigan appeals the denial of a writ of habeas corpus under 28 U.S.C. § 2254(d)(1), (2). Jernigan claims that the United States District Court for the District of Nevada erred when it agreed with the Nevada Supreme Court in finding that the State's prosecutorial misconduct did not present a substantial and injurious effect or have an influence on the jury's verdict in Jernigan's case.

* The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

We review *de novo* a district court's decision to deny a writ of habeas corpus. *Parle v. Runnels*, 505 F.3d 922, 926–27 (9th Cir.2007). Once a habeas petitioner has shown there to be trial error warranting habeas review, the reviewing court has the responsibility to determine whether the error resulted in actual prejudice. *Mancuso v. Olivarez*, 292 F.3d 939, 949 n. 4 (9th Cir.2002). Actual prejudice means that "the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted).

Although improper, the prosecutor's elicitation of inadmissible character testimony and his comments during closing arguments were not prejudicial errors because the State's case against Jernigan was overwhelming and because the trial court took action to cure such improprieties. Thus, the jury's ability to judge evidence fairly and the jury's verdict were not affected. Consequently, the fairness of Jernigan's trial was not disrupted under the *Brecht* standard. Jernigan also argues that the trial court wrongly admitted evidence of his prior bad acts. This argument is virtually identical to his character evidence argument and fails for the same reason.

The decision of the district court is **AFFIRMED.**

In re PLANT INSULATION
CO., Debtor,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Fireman's Fund Insurance Company; United States Fire Insurance Company, Plaintiffs,

and

OneBeacon Insurance Company; American Home Assurance Company; Granite State Insurance Company; Insurance Company of the State of Pennsylvania; Insurance Company of the West; Safety National Casualty Corporation; Transport Indemnity Company; United States Fidelity and Guaranty Company, Plaintiffs–Appellants,

v.

Plant Insulation Company, Debtor–in–Possession–Appellee,

Official Committee of Unsecured Creditors, c/o Sheppard Mullin Richter & Hampton, LLP, Defendant–Appellee,

Futures Representative, The Honorable Charles B. Renfrew (Ret.), Real–party–in–interest–Appellee.

In re Plant Insulation Co., Debtor,

Fireman'S Fund Insurance Company, Plaintiff,

American Home Assurance Company; Granite State Insurance Company; Insurance Company of the State of Pennsylvania; Insurance Company of the West; Safety National Casualty Corporation; Transport Indemnity Company; United States Fidelity And Guaranty Company, Plaintiffs,

and

United States Fire Insurance Company, Plaintiff—Appellant,

v.

Plant Insulation Company, Debtor–in–Possession–Appellee,

Official Committee of Unsecured Creditors, c/o Sheppard Mullin Richter & Hampton, LLP, Defendant–Appellee,

Futures Representative, The Honorable Charles B. Renfrew (Ret.), Real–party–in–interest–Appellee.

Nos. 12–17466, 12–17467.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2013.

Filed Oct. 28, 2013.

Robert Jeffrey Carlisle, David Keane Morrison, Esquire, Randall J. Peters, Esquire, Lynberg & Watkins, Valerie Ann Moore, Esquire, Haight, Brown & Bonesteel, LLP, Deborah Lynn Stein, Simpson, Thacher & Bartlett LLP, Los Angeles, CA, Michael Steven Davis, Zeichner Ellman & Krause LLP, Andrew Frankel, Esquire, Mark Thompson, Simpson Thacher & Bartlett LLP, New York, NY, Robert B. Millner, Sonnenschein Nath & Rosenthal, LLP, Chicago, IL, Philip Aloysius O'Connell, Jr., Esquire, Sonnenschein Nath & Rosenthal, LLP, Boston, MA, Philip Richard Matthews, Esquire, Ray L. Wong, Esquire, Duane Morris LLP, San Francisco, CA, Jonathan Sanders, Simpson Thacher & Bartlett, LLP, Palo Alto, CA, Christopher D. Soper, Dentons U.S. LLP, Chicago, IL, for Plaintiffs–Appellants.

Peter J. Benvenutti, Esquire, Ryan Routh, Jones Day, James L. Miller, Esquire, Snyder Miller & Orton LLP, Jeffrey Scott Raskin, Esquire, Morgan Lewis & Bockius LLP, San Francisco, CA, for Debtor–in–Possession–Appellee.

Michael Ahrens, Michael Magayne Lauter, Steven Benjamin Sacks, Esquire, Sheppard Mullin Richter & Hampton

LLP, San Francisco, CA, for Defendant–Appellee.

Gary Scott Fergus, Esquire, Fergus, A Law Office, San Francisco, CA, for Real–Party–in–Interest–Appellee.

Before: NOONAN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Appellee insurance companies (the "Non–Settling Insurers") challenge the bankruptcy court's confirmation of Plant Insulation Co.'s Chapter 11 plan. We address several of their claims in an opinion filed concurrently with this memorandum disposition. The relevant facts are discussed in that opinion.

### I

The Non–Settling Insurers argue that the bankruptcy court erred in admitting certain expert testimony. The court's evidentiary rulings are subject to "abuse of discretion" review. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

First, the Non–Settling Insurers allege that the experts, Steven Snyder and David McClain, have a direct financial stake in the outcome of the case because of their relationships with the debtor and the Creditors' Committee and this precluded them from testifying. This is not our law. Generally, "evidence of bias goes toward the credibility of a witness, not his competency to testify." *United States. v.*

*Abonce–Barrera*, 257 F.3d 959, 965 (9th Cir.2001).

Second, the Non–Settling Insurers argue that these experts did not use "reliable principles and methods" in presenting their testimony. In the *Daubert* inquiry (codified in Fed.R.Evid. 702), "the trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir.2010) *quoting Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). But these prongs are flexible. *See id.* at 564. Under this inquiry, an expert can testify on the basis of his experience without using an explicitly scientific methodology. *See United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010). This was the case here.

For these reasons, the bankruptcy court did not abuse its discretion in admitting this expert testimony.

### II

The Non–Settling Insurers also argue that the plan was not proposed in good faith pursuant to 11 U.S.C. § 1129(a)(3). The bankruptcy court's finding of good faith is evaluated for clear error. *In re Gen. Teamsters, Warehousemen, and Helpers Union, Local 890*, 265 F.3d 869, 872 (9th Cir.2001).

A plan is proposed in good faith as long as it "satisfies the purposes of the bankruptcy code," *Id.* at 877, and the review focuses on the "totality of the circumstances." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir.2002). Here, the Non–Settling Insurers' fail to point to specific facts in the record which undermine the bankruptcy court's key findings estab-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lishing good faith. Neither general allegations of unseemliness nor assertions that the plan undermined their nonbankruptcy rights suffices to demonstrate clear error. *Id.* at 1075. Similarly, there is no evidence in the record suggesting that the reorganized debtor will breach any obligation to the Non–Settling Insurers. The bankruptcy court did not clearly err in finding good faith.[1]

**AFFIRMED.**

---

**1.** The Non–Settling Insurers' motion to take judicial notice, filed April 2, 2013, is hereby denied as moot.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.